(50 Misc. Rep. 169)

SILVERMAN v. NATIONAL BUTCHERS' & DROVERS' BANK.

(Supreme Court, Appellate Term. March 26, 1906.)

1. BILLS AND NOTES—CHECKS—BONA FIDE PURCHASERS—NOTICE.

Where a certified check was marked by the drawee bank with two stars, indicating that it had been paid, but the money was afterwards refunded, and the check returned to a member of the payee firm, who 14 months later transferred it to plaintiff, plaintiff was put on notice, and his position is no stronger than the transferror's.

2. SALES—ACTS CONSTITUTING RESCISSION.

Where a certified check was given one partner for accounts due the firm, but after payment of the check the other partner asserted that the firm's indorsement was a forgery, whereupon the amount paid thereon was refunded and then returned to the partner who originally held it, and the accounts referred to were collected by the firm, this constituted a rescission of the contract, so that the partner holding the check, or his transferee with notice, could not collect it from the drawee bank.

Appeal from City Court of New York, Trial Term.

Action by Simon Silverman against the National Butchers' & Drovers' Bank. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

Leventritt & Brennan (Alfred Holbrook, of counsel), for appellant.
Steuer & Hoffman (Max D. Steuer, of counsel), for respondent.

SCOTT, P. J. The plaintiff sues upon a certified check. In February, 1903, there existed a firm known as Hayman & Co., the members of which were Julius Hayman and Frederick Heyman. On February 9, 1903, Frederick Heyman applied to one Charles Rosenberg for an advance of money, asking for it in the name of Hayman & Co. Certain contracts were entered into between Rosenberg and Hayman, acting for and in the name of Hayman & Co., which resulted in the assignment to Rosenberg of certain outstanding accounts due to Hayman & Co., and the delivery by Rosenberg to Hayman of a check on defendant for $875 to the order of Hayman & Co. Hayman had the check certified by defendant, and then passed it to one Gernsheimer, who paid the amount in cash. Gernsheimer deposited the check in the Mechanics' & Traders' Bank, receiving credit for it upon his account. It passed through the clearing house and came back to defendant, and was stamped with two stars; the mark commonly used by defendant to indicate that a check had been paid. At some time (the record does not clearly show when), upon a statement by Julius Hayman that Frederick Heyman was not a member of the firm, and that his indorsement of the firm's name upon the check was a forgery, the defendant bank re-credited Rosenberg, the drawer, with the amount of the check, and made demand upon the Mechanics' and Traders' Bank for a refund. The latter bank did refund the money, and received back the check. In turn Gernsheimer reimbursed his bank, and received back the check, and later Frederick Heyman repaid Gernsheimer, and became repossessed of the check. After holding it about 14 months, Frederick Heyman transferred the check to the plaintiff for value. Without going into all the particulars, we may say that, under the circumstances attending the transfer of the check to plaintiff, we think that he was put on his notice that there might be defenses, and that his position is no stronger than would be that of Frederick Heyman. Cowing v. Altman, 71 N. Y. 440, 27 Am. Rep. 70. Although Julius Hayman claimed that Frederick Heyman was not a member of the firm of Hayman & Co. at the time the check was given, it has since been conclusively established by a judgment of the Supreme Court that Frederick Heyman was in fact at that time a member of the firm. As between the firm and third parties, therefore, he had authority to transfer firm assets, to receive payment therefor, and to indorse the check drawn to the order of the firm. If, therefore, Rosenberg and the defendant bank had elected to stand and rely upon his assignment of the accounts and his indorsement of the check, their position would have been impregnable, as the event turned out; but in all that Heyman did in the matter he acted, not as an individual, but as a member of, and in the name and behalf of, the firm. Hayman, also, was a member of the firm, had at least the same right to act for it and represent it that Heyman had, and had precisely the same right to rescind contracts made by the firm that Heyman had to make them. He elected to rescind them. While no formal rescission of the assignment of the accounts to Rosenberg was shown, there was ample evidence of a practical rescission, under which Heyman collected the accounts. The certification of the check, after the Mechanics' & Traders' Bank and Gernsheimer had been eliminated by repayment, constituted, if it remained effective at all, an obligation on the part of the bank to

Hayman & Co., and not to Frederick Heyman individually.  Julius Hayman had been the effective cause of the return of the check by the defendant bank, and its recrediting the account of Rosenberg with the amount.  This certainly estopped him and the firm of Hayman & Co., in whose behalf he acted, from asserting any claim against the bank upon its certification.  Further than this, the check, and whatever right against the bank which it represented when it came back into Frederick Heyman's hands, remained, as it had been when he received it, the property of the firm of Hayman & Co.  On February 19, 1904, Julius Hayman was appointed receiver pendente lite of the copartnership, and on April 4th the firm was judicially dissolved, and Julius Hayman appointed receiver of its assets.  Both of these events long antedated the transfer of the check to the plaintiff, and after the dissolution Frederick Heyman had no right to deal with the-firm assets, except to turn them over to the receiver, and had no authority to assert any claim based upon the check or the certification, or to invest any one else with such a claim.  Since the circumstances surrounding the transaction were sufficient to put plaintiff on his inquiry, he can no more succeed than could Frederick Heyman.

Judgment affirmed, with costs.  All concur.